JONES, JUDGE:
The claimant, G. B. Jeffries, lives on a farm along State Route 219/15 near Lewisburg, in Greenbrier County. The septic tank serving the claimant’s premises is located in a low area of his land and drainage therefrom is piped into a “sewer well”. The respondent Department of Highways for many years has maintained a culvert under the highway which discharges surface water along with gravel, dirt and debris upon the lower area of the claimant’s land through which it drains to the vicinity of the well, 150 to 200 feet from the highway. The well was drilled about eight to ten years ago to a depth of approximately 186 feet. About six years ago it clogged and closed off and the claimant had it redrilled and opened. At that time, gravel, dirt and mixed debris resembling the materials discharged upon the claimant’s land from the highway culvert were removed from the well. No claim against the State was made by the claimant at that time. Now the well is filled with solid materials to a point 94 feet from the surface and the State Department of Health has ordered the claimant to drill another sewer well. The estimated cost is $910.00.
The well has casing down to solid rock, approximately 80 feet, and the casing extends 18 inches to 2 feet above the ground. All witnesses are certain that no surface water or extraneous material enters the well from the top, and no witness could explain how anything could get into the cased well at any other point. The claimant testified in part: “I couldn’t tell you how it’s getting in. That’s something I can’t say but it’s going in and down somewhere around that casing”; and again “We’d have to dig down and uncover it to find out anything”. *250 A neighbor and witness for the claimant admitted that he did not know what is in the well or how the substance filling the well got there. He explained that the area was “limestone type land” with crevasses in the rock strata which make it permeable by water, indicating that the underground percolation of water may have something to do with the filling up of the well.
While there is some indication that the respondent may have caused or contributed to the cause of clogging of the claimant’s well, the Court is of opinion that the proof in this case is so highly speculative as not to be the basis of an award. From the evidence the Court cannot say what is in the well, how it got there, or whether there may be some break in the well casing or other defect for which the respondent would not be responsible.
The Court is sympathetic and if a proper showing were made that additional evidence may be offered in support of this claim, the Court stands ready and willing to reopen the case for the hearing of such evidence.
Claim disallowed.